CARAWAY, J.,
dissenting.
hlf the trial court’s denial of the City’s continuance for trial involved only the City’s delinquency in failing to obtain an independent medical examination during the months before trial, I could agree with the majority and affirm the denial of the continuance. Yet, the City argued something else to the trial court which can now be seen as having upset the fundamental fairness of this trial. The City has consistently argued that the necessity for a continuance was caused by the late determination by Dr. Nunley of the drastic plan of surgeries to be performed on the plaintiff involving multiple fusions of her spine. The plaintiffs August 2010 election for the surgeries, the description of what the surgeries entailed, and the $452,686 cost for surgeries were only first revealed during the last 80 days before trial in violation of the trial court’s scheduling order preventing discovery.
Prior to August 2010, the plaintiff had announced herself ready for trial in early 2010 with a case for her damages which was entirely different from the case ultimately tried. At the time of the initial pretrial order which set a March 23, 2010 trial date, plaintiff had apparently not considered or elected back surgery throughout the five years following this accident. From August until October 2008, 3-1/2 years after the accident, plaintiff returned to visit Dr. Nunley, who had previously performed two fusion surgeries on her spine in 2000-2001. Dr. Nunley’s “trial” deposition, as identified on the pretrial order, was taken on February 11, 2010 (the “First |2Deposition”). Dr. Nunley presented his conclusion that plaintiffs ongoing pain involved the L 3-4 central disc herniation and its associated degenerative disc disease. He discussed possible injection treatments or probable “eventual” surgery. He said “there’s a possibility it could be a laminectomy but there’s also a possibility it could be a fusion.” Critically, Dr. Nunley reported in his First Deposition that the plaintiff had been presented those treatment options for her L 3-4 injury in October 2008 and had never returned to Dr. Nunley for further treatment. Thus, on the report of the First Deposition, had trial occurred as scheduled in March 2010, plaintiffs claims for any future medical treatment was highly speculative in that she had never elected surgical treatment for over five years. Moreover, any future surgery as identified by Dr. Nunley in his First Deposition was for “a fusion,” a single surgery, limited to L 3-4.
After the March trial setting was continued, the trial court fixed trial for September 2, 2010, by its Scheduling Order of April 7, 2010. The order provided as follows:
B. Discovery requests must be made before FORTY-FIVE (45) DAYS BEFORE DATE OF TRIAL and all discovery is to be completed THIRTY (30) DAYS BEFORE DATE OF TRIAL.
*775 Despite the above scheduling order, plaintiff served notice on July 20 of the second deposition for Dr. Nunley to be taken on August 16, 2010 (the “Second Deposition”), within 30 days of trial. The record does not show that the City agreed to the taking of this deposition which was a violation of lathe Scheduling Order. Counsel for the City did not attend. The later use of the deposition for evidence under those circumstances was not in compliance with La. C.C.P. art. 1450. See, Boneno v. Lasseigne, 514 So.2d 276 (La.App. 5th Cir. 1987). On August 2, prior to the deposition, the City notified plaintiff that it had been unable to obtain a date for the IME before the September 2 trial date. The City asked for a continuance. On August 9, plaintiffs counsel refused a voluntary continuance, and plaintiff contested the continuance which the City then formally sought from the trial court. Thus, when these exchanges between the parties are fairly reviewed, the City’s assessment of plaintiffs medical condition was not made timely before the September 2 trial date. Nevertheless, the plaintiffs revelation and expansion of her medical damage claims for multiple fusion surgeries were also made untimely in violation of the trial court’s Scheduling Order.
The contrast between the First Deposition and the Second Deposition is striking. One week before the August 16 deposition and over five years after the accident, the 69-year-old plaintiff on the eve of trial decided to undergo the extensive multiple surgeries. Dr. Nunley said that she first informed him by letter of her election after her serious considerations for surgery in the spring and summer of 2010. Nevertheless, she wanted to further delay the surgeries until she retired from her employment. In the Second Deposition, Dr. Nunley first reveals that a single fusion surgery involving L 3-4 was now to be expanded for fusion of L 2-3 and L 3-4, along with a complete fusion with L 4-5 which had been previously fused. ^Additionally, Dr. Nunley revealed a fusion procedure for C 4-5 and C 5-6. All told, instead of one fusion surgery, Dr. Nunley identified two separate surgeries involving what he described as six fusion procedures for a cost of $452,686. The City demonstrated this great contrast introducing as rebuttal testimony Dr. Nun-ley’s First Deposition.
Dr. Nunley’s newfound revelation regarding the plaintiff presented in the setting of the disputed Second Deposition represents such a drastic change in plaintiffs medical claim within days before trial that the basic fairness for trial was destroyed. The principle of supplementation of discovery responses of La. C.C.P. art. 1428(2) was certainly implicated. The City’s valid refusal to attend the Second Deposition and its later objection to the introduction of the deposition into evidence at trial required the trial court to recognize the unfairness of the situation and the violations of its standing Scheduling Order and La. C.C.P. art. 1450. Either a continuance was appropriate to assess the newly revealed medical evidence and allow for the IME or the Second Deposition was an inadmissible late discovery response improperly offered as an evidentiary deposition in violation of La. C.C.P. art. 1450.
In presenting plaintiffs oral argument to the trial court disputing the need for a continuance, counsel emphasized that by March of 2010, the case was ready for trial and all discovery exchanged. This time-line presented to the trial court failed to note that within weeks before trial plaintiff first elected, after much reluctance, six fusion procedures of her spine and that in |sa disputed deposition on the eve of trial Dr. Nunley had first revealed his plans for two major surgeries. If the case was ready for trial in March 2010, Dr. Nunley’s *776 First Deposition, the “trial” deposition to which the parties had agreed, revealed an entirely different case. The denial of the City’s request for a continuance requires a reversal in this case.